IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAUREL WARTLUFT,

    Plaintiff,        No. CIV-S-07-2023 KJM-GGH

  vs.

FEATHER RIVER COMMUNITY COLLEGE,

    Defendant.
_____/

MICHELLE JAUREGUITO,

    Plaintiff,        No. CIV-S-06-2687 KJM-GGH

  vs.

FEATHER RIVER COMMUNITY COLLEGE,

    Defendant.
_____/

PAUL THEIN,

    Plaintiff,       No. CIV-S-06-1777 KJM-GGH

  vs.

FEATHER RIVER COMMUNITY COLLEGE,        <u>ORDER</u>

    Defendant.
_____/

This matter comes before the court upon defendant Feather River Community College's consolidated motion for summary judgment or, alternately, partial summary judgment with respect to the separate complaints filed by plaintiffs Thein, Jaureguito and Wartluft ("plaintiffs"). (T-ECF 62, J-ECF 75, W-ECF 49, respectively.[1]) The court has decided this motion without oral argument. For the following reasons, defendant's motion is hereby granted in part and this case is remanded.

I.  FACTS AND PROCEDURAL HISTORY

Thein, Jaureguito and Wartluft were employees of defendant. Thein's employment was terminated on June 30, 2006, when his employment contract expired and was not renewed; Jaureguito resigned on April 7, 2006; and Wartluft's employment was terminated on November 7, 2005. Plaintiffs each brought complaints before the Department of Fair Employment and Housing ("DFEH") and received right-to-sue notices. (Thein's First Am. Compl. ¶ 60, ECF 46; Jaureguito's First Am. Compl. ¶ 59, ECF 44; Wartluft's First Am. Compl. ¶ 61, ECF 29.) Plaintiffs subsequently filed complaints with the State Personnel Board ("SPB") alleging retaliation in violation of the California Whistleblower Protection Act, CAL. GOV'T CODE § 8547.3 and CAL. EDUC. CODE § 87160, et seq. Thein's complaint was submitted on June 19, 2006, Jaureguito's complaint was submitted on June 29, 2006, and Wartluft's complaint was submitted on June 20, 2006. (Thein's Req. for Jud. Not. Ex. 1, ECF 62-3; Jaureguito's Req. for Jud. Not. Ex. 1, ECF 75-3; Wartluft's Req. for Jud. Not. Ex. 1, ECF 49-3.)

The SPB issued its decision on October 19, 2010, finding that plaintiffs did not engage in protected activity under California Education Code § 87160 et seq., and that they were performing their job duties, not acting adversely to defendant. (Def.'s Statement of Undisputed Facts ("DSUF") ¶¶ T-31, J-19, W-22; Pls.' Opp'n Statement of Undisputed Facts ("PSUF") ¶¶ T-31, J-19, W-22.) Specifically, the SPB rejected the Administrative Law Judge's proposed

---

[1] "T" references are for the docket in case no. Civ-S-06-1777, "J" references to case no. Civ-S-06-2687, and "W" references to case no. Civ-S-07-2023.

decision finding retaliation on July 21, 2009.² (SPB Decision, Def.'s Req. Jud. Not. Ex. 3, T-ECF 62-3.) The SPB analyzed plaintiffs' claims using federal court precedent applying the Federal Whistleblower Act of 1989 and ultimately found that communications made in the course of employment are not protected. (*Id.*) Plaintiffs did not file requests for reconsideration with the SPB within thirty days of service of the decision, nor have they filed a petition for writ of mandate for review of the SPB's decision.³ (DSUF ¶¶ T-32 & 33, J-20 & 21, W-23 & 24; PSUF ¶¶ T-32 & 33, J-20 & 21, W-23 & 24.)

Thein filed his complaint with this court on August 9, 2006. (T-ECF 1.) Defendant responded on September 18, 2006. (T-ECF 8.) Thein filed his amended complaint on November 26, 2008. (T-ECF 46.) Defendant filed its answer on December 12, 2008. (T-ECF 47.)

Jaureguito filed her complaint with this court on November 22, 2006. (J-ECF 1.) Defendant responded on January 8, 2007. (J-ECF 11.) Jaureguito filed an amended complaint

---

² The court grants defendant's request that it take judicial notice of this decision and of plaintiffs' underlying complaints in this proceeding. (ECF 62-3.) "Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)). In addition, the court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005).

³ Plaintiffs contend in their opposition to the present motion that the SPB decision is not final. (Pls.' Opp'n at 20.) "Exhaustion of judicial remedies . . . is necessary to avoid giving binding 'effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative actions.'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) (quoting *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 646 (1995)). Regardless of whether the statute of limitations has run for plaintiffs to petition the state court for writ of mandate, the as yet unreviewed SPB action is a final decision for purposes of this court's exercise of jurisdiction. *See Briggs,* 40 Cal. App. 4th at 648 (discussing *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994): "The court cited two of its prior decisions stating that the aggrieved party, having the opportunity to seek judicial review of administrative action, cannot avoid giving preclusive effect to the administrative action by simply foregoing the right to review. [] 'It is Miller's election to pursue his claim initially in an administrative forum, and to forego his right to seek judicial review in state court, which requires us to determine whether that decision is binding on all that was, or could have been, determined there.'" (quoting *Miller*, 39 F.3d at 1034 n.3)).

3

1  on November 26, 2008.  (J-ECF 44.)  Defendant filed its answer on December 12, 2008.  (J-ECF
2  45.)  Defendant filed a motion for summary judgment on October 8, 2010.  (J-ECF 67.)
3  Jaureguito filed an opposition to Defendant's motion on October 21, 2010.  (J-ECF 68.)
4  Defendant filed its reply on October 29, 2010.  (J-ECF 69.)  The court vacated Defendant's
5  motion on November 1, 2010.  (J-ECF 72.)

6        Wartluft filed her complaint with this court on September 26, 2007.  (W-ECF 2.)
7  Defendant responded on November 13, 2007.  (W-ECF 10.)  Wartluft filed her amended
8  complaint on November 26, 2008.  (W-ECF 29.)  Defendant filed its answer on December 12,
9  2008.  (W-ECF 30.)

10        These cases were related on October 2, 2007.  (T-ECF 23, J-ECF 19, W-ECF 7.)[4]
11        In their amended complaints, Thein and Jaureguito allege three causes of action:
12  1) unlawful retaliation and discrimination in violation of Title IX; 2) retaliation in violation of
13  the California Fair Employment and Housing Act ("FEHA"); and 3) failure to prevent
14  discrimination and harassment in violation of FEHA.  Wartluft alleges 1) and 2) above, as well
15  as sexual orientation discrimination in violation of FEHA, gender discrimination in violation of
16  FEHA, and failure to pay compensation at the time of discharge or termination of employment in
17  violation of California Labor Code Sections 201 and 203.[5]  Plaintiffs seek: 1) a judgment
18  awarding them back pay, front pay, damages for emotional distress and compensatory damages;
19  2) an order reinstating their employment with Defendant; 3) attorneys' fees and costs; and
20  4) such other relief as the court deems appropriate.  Wartluft also seeks a judgment awarding her
21  all unpaid compensation together with prejudgment interest and waiting time penalties in the
22  amount of thirty days' salary.

---

[4] Plaintiffs also brought actions in Plumas County Superior Court, on November 7, 2006. (Jul. 16, 2008 Order Denying Mot. to Stay at 4, T-ECF 39.)  These state court actions are not the subject of the present motion and therefore will not be discussed here.

[5] The present motion does not challenge Wartluft's Labor Code claims; therefore, these claims will not be evaluated by the court.

4

Defendant filed the present consolidated motion for summary judgment or, alternately, partial summary judgment, on January 21, 2011, contending that it is entitled to summary judgment because plaintiffs' Title IX and FEHA claims are precluded by the SPB's decision. Plaintiffs filed their oppositions on March 2, 2011. (T-ECF 66, J-ECF 79, W-ECF 53.) Defendant filed its reply on March 9, 2011. (T-ECF 67, J-ECF 80, W-ECF 54.)[6]

II. ANALYSIS

A.   Summary Judgment Standard

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[7]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to

---

[6] When citing to defendant's consolidated motion, plaintiffs' opposition, and defendant's reply, the court will reference docket numbers from Thein's docket only, throughout the remainder of this order.

[7] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

5

the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

B.  Preclusive Effect of State Administrative Decisions

As an initial matter, the court must determine whether the SPB's decision can have general preclusive effect with respect to the present matter. The court finds that it can.

The Supreme Court has "long favored application of the common-law doctrines of collateral estoppel . . . and res judicata . . . to those determinations of administrative bodies that have attained finality." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991). "'When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.'" *Id*. (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). However, "[a]lthough administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." *Id*. at 110. Significant for the present motion, "[t]he Ninth Circuit [gives] preclusive effect even to unreviewed administrative findings, whether made by state or municipal agencies." *Clemes v. Del Norte County Unified Sch. Dist.*, 1995 U.S. Dist. LEXIS 14298, \*11 (N.D. Cal. Sep. 19, 1995) (citing *Miller*, 39 F.3d at 1032-33).

1        Plaintiffs contend that an unreviewed state administrative decision does not have
2   preclusive effect as to state whistleblower claims and that as a result the SPB decision can have
3   no preclusive effect in this case.  (*See* Pls.' Opp'n at 15-17.)  Plaintiffs' contentions regarding
4   the non-preclusive effect of unreviewed state administrative decisions on state whistleblower
5   claims are irrelevant to the question before court regarding preclusion of FEHA and Title IX
6   claims.

7        The SPB decision can have preclusive effect with respect to plaintiffs' FEHA
8   claim.  In *Johnson v. City of Loma Linda*, the California Supreme Court found that "when . . . a
9   public employee pursues administrative civil service remedies, receives an adverse finding, and
10  fails to have the finding set aside through judicial review procedures, the adverse finding is
11  binding on discrimination claims under the FEHA."  24 Cal. 4th at 76; *see also McDonald v.*
12  *Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 113 (2008).

13       The determination of the SPB decision's preclusive effect, if any, on plaintiffs'
14  Title IX claim is more difficult.  "Title IX does not disclose any specific congressional intent
15  about how federal courts should treat unreviewed decisions by a state agency that pertain to a
16  lawsuit under Title IX. [] In the absence of any specific legislative instruction, the federal
17  common law of claim and issue preclusion will apply."  *Waid v. Merrill Area Pub. Sch.*, 91 F.3d
18  857, 864 (7th Cir. 1996), *rev'd on other grounds*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S.
19  246 (2009); *see also Solimino*, 501 U.S. at 108.  Title IX provides that "[e]ach federal
20  department and agency which is empowered to extend Federal financial assistance to any
21  education program or activity"  is authorized to issues rules, regulations, and orders to effectuate
22  the objectives of
23  /////
24  /////
25  /////
26  /////

Title IX.  20 U.S.C. § 1682.  Department or agency action taken in accordance with this provision is

> subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds.  In the case of action, not otherwise subject to judicial review, terminating or refusing to grant or to continue financial assistance . . . any person aggrieved . . . may obtain judicial review of such action . . . and such action shall not be deemed committed to unreviewable agency discretion . . . .

20 U.S.C. § 1683.  Thus, no federal department or agency action taken in accordance with these regulations to determine whether to terminate or continue financial assistance precludes judicial review.  However, "these agency decisions . . . will not necessarily address the questions about whether a particular individual has or has not been the subject of intentional discrimination." *Waid*, 91 F.3d at 864.  The statute specifically states that the agency decisions it is discussing are those regarding funding.  Thus, there is no language in Title IX directly on point.  Rather, the Court's analysis in *University of Tennessee v. Elliott*, finding that unreviewed state administrative proceedings have preclusive effect with respect to 42 U.S.C. § 1983 claims, appears by analogy to also apply here.  478 U.S. 788, 796-99 (1986).  Like 42 U.S.C. § 1983 and unlike Title VII, "'[nothing] in the language [of Title IX] . . . remotely expresses any congressional intent to contravene the common-law rules of preclusion . . . .'"  *Id*. at 797 (quoting *Allen v. McCurry*, 449 U.S. 90, 97-98 (1980)).

Having found that the SPB's decision can have preclusive effect with respect to the present cases, the court turns to Defendant's specific contentions regarding the applicability of claim and issue preclusion in this case.

C.   Res Judicata

   i.   Standard

"In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action."

8

*Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985) (also finding "that state principles of preclusion govern").

> [The primary right theory] provides that a 'cause of action' is comprised of a primary right of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty ... The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action ... A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action ... [] It is invoked most often when a plaintiff attempts to divide a primary right and enforce it in two suits.

*Teran v. Hagopian*, 2009 U.S. Dist. LEXIS 28682, *43 (E.D. Cal. Mar. 31, 2009) (quoting *Grisham v. Phillip Morris U.S.A., Inc.,* 40 Cal. 4th 623, 641-42 (2007)).

    ii.    Application

Defendant contends that plaintiffs are barred by res judicata from proceeding with their Title IX and FEHA claims. Specifically, defendant maintains that "a plaintiff may not split a single cause of action or relitigate the same cause of action on a different legal theory or seek different relief." (Def.'s Mot. at 13.) Defendant contends that "[a] review of the whistleblower complaints, SPB decision, operative complaints herein and separate statement of facts establish that *res judicata* is applicable. The underlying facts allegedly supporting both the SPB action and the current matter ***are identical***; involving the same parties, witnesses and evidence -- the only difference are the legal theories relied upon." [sic] (*Id*. at 15 (emphasis in original).) It asserts that the primary rights before both the SPB and this court are "the right to employment and right to be free of employment retaliation/discrimination."[8] (*Id*.)

Plaintiffs maintain that the doctrine of res judicata is inapplicable. Specifically, they contend that the SPB's dismissal of plaintiffs' complaints does not preclude a conclusion in

---

[8] In its reply, defendant contends that the primary right of all three causes of action is to be free from retaliation. (Def.'s Reply at 6.) For purposes of this order, it is unnecessary for the court to address whether these form one or multiple primary rights.

favor of plaintiffs in the present case because the SPB did not consider whether plaintiffs engaged in protected activity under Title IX or FEHA. (Pls.' Opp'n at 14, 15.)  Furthermore, plaintiffs contend that the whistleblower statutes protect their primary right to continued employment while Title IX and FEHA protect their primary right to be free of retaliation for opposing discrimination. (*Id*. at 18.)  In addition, plaintiffs argue that Wartluft's FEHA claims are not precluded because they are based on her status as a woman and perceived sexual orientation while her SPB action arose from harm based on her complaints regarding violations of law. (*Id*. at 19.)

Defendant relies primarily on *Takahashi v. Board of Education*, 202 Cal. App. 3d 1464 (1988) and *Peterson III v. State of California Department of Corrections and Rehabilitation*, 451 F. Supp. 2d 1092 (E.D. Cal. 2006), to support its contention that res judicata is applicable in this case. *Takahashi* is distinguishable because, in that case, the administrative agency determined that the plaintiff's termination was valid and plaintiff failed to raise defenses that she later raised in a separate state court action. 202 Cal. App. 3d at 1477.  The court relied in part on the fact that the substance of the agency's decision precluded the plaintiff's action. *Id*.  Importantly, the underlying administrative proceeding in *Takahashi* was before the Commission on Professional Competence; the very specific purpose of such a hearing is essentially "to determine if cause existed to terminate . . . ." *Id*. at 1470 n.5.  *Peterson III*, however, is on point. In that case, the plaintiff filed a race discrimination claim with the SPB, which found that he had failed to establish the prima facie elements of race discrimination. *Peterson III*, 451 F. Supp. 2d at 1098.  The plaintiff did not seek judicial review and instead filed a complaint in state court alleging causes of action under Title VII and 42 U.S.C. § 1981.  The court found that the plaintiff's claims were barred by the prior SPB determination as the primary right involved in both claims was the right to be free from employment discrimination. *Id*. at 1108 n.4.

Plaintiffs, on the other hand, rely on *George v. California Unemployment Insurance Appeals Board*, 179 Cal. App. 4th 1475 (2009), for their proposition that their FEHA

10

and Title IX claims are not precluded here. The plaintiff in *George* brought a claim for retaliation in violation of FEHA before the DFEH, before she was suspended, and later brought a claim alleging her discipline was unwarranted before the SPB. 179 Cal. App. 4th at 1480. She did not allege that her discipline was retaliatory in her SPB complaint. *Id*. The SPB concluded that one of her suspensions was unsupported but that her other suspension was proper. *Id*. After her second suspension, she filed a second claim with the DFEH, alleging her suspensions were retaliatory. *Id*. at 1481. The plaintiff was then suspended a third time, after which she brought a third claim to the SPB, which found that one of three allegations on which her suspension was based were just. *Id*. The *George* court ultimately found that "[t]he primary right protected by the state civil service system is the right to continued employment, while the primary right protected by FEHA is the right to be free from invidious discrimination and from retaliation for opposing discrimination" and that res judicata was inapplicable. *Id*. at 1483. Unlike in *George*, here plaintiffs did not simply contest the bases for their adverse employment actions before the SPB; rather, they specifically alleged retaliation. Moreover, the *George* court relied in part on *Ruiz v. Department of Corrections* in reaching its decision. In *Ruiz*, the court was "mindful of the practical considerations state employees face upon the decision to file a claim. To conclude that state employees must seek review of their discrimination claims through the Board, regardless of their decision to pursue that claim with other agencies, places a burden upon those aggrieved individuals that private employees do not share." 77 Cal. App. 4th at 899. In this respect, *Ruiz* does not apply here. Rather, this matter presents the court with the scenario, whereby plaintiffs were required to exhaust administrative remedies under FEHA by obtaining a right-to-sue determination from the DFEH, *see Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001), and also required to file complaints with the SPB as a prerequisite to bringing a claim for damages under the CWPA. CAL. GOV'T CODE § 8547.8(c). Neither party has cited to case law that is directly on point and there appears to be no such precedent. It is important to note that nothing precluded plaintiffs from raising their FEHA and Title IX claims

11

before the SPB. *See Ruiz*, 77 Cal. App. 4th at 900 ("state employees may pursue their claims of employment discrimination with either the Board or the DFEH or both"). In fact, plaintiffs made the conscious decision to initiate the SPB proceedings after the DFEH had issued them right-to-sue notices. (*Compare* Thein's FAC ¶ 60 *with* Thein's Req. for Jud. Not. Ex. 1; *compare* Jaureguito's FAC ¶ 59 *with* Jaureguito's Req. for Jud. Not. Ex. 1; *compare* Wartluft's FAC ¶ 61 *with* Wartluft's Req. for Jud. Not. Ex. 1.) As the California Supreme Court found in *Murray v. Alaska Airlines, Inc.*, "judicial exhaustion may arise when a party initiates and takes to decision an administrative process–whether or not the party was required, as a matter of administrative exhaustion, to even begin the administrative process in the first place." 50 Cal. 4th 860, 867 (2010) (internal quotation omitted). In *Johnson*, the same court found that "[r]efusing to give binding effect to the findings of administrative agencies in quasi-judicial proceedings would . . . undermine the efficacy of such proceedings." 24 Cal. 4th at 72.

"A primary right is defined as 'the right to be free from the particular unlawful conduct.'" *Yanke v. City of Oakland*, 2010 U.S. Dist. LEXIS 30627, at *12 (N.D. Cal. Mar. 30, 2010) (quoting *Sawyer v. First City Fin. Corp.*, 124 Cal. App. 3d 390, 399-400 (1981)). "In determining the primary right, 'the significant factor is the harm suffered.'" *Id.* (quoting *Agarwal v. Johnson*, 25 Cal. 3d 932, 955 (1979)). The primary right in FEHA and Title IX retaliation claims is two-fold: to be free of retaliation and discrimination. "Retaliation against a person because that person has complained of sex discrimination is [a] form of intentional sex discrimination encompassed by Title IX's private cause of action." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). While "[i]n other contexts, [the United States Supreme Court] recognized that protection from retaliation is separate from direct protection of the primary right and serves as a prophylactic measure to guard the primary right," the Court has determined that Title IX retaliation is equivalent to discrimination. *See id.* at 189 (Thomas, J., dissenting); *cf. id.* at 174 (majority). Similarly, the "primary right protected by FEHA is the right to be free from invidious discrimination and from retaliation for opposing discrimination."

*George*, 179 Cal. App. 4th at 1483.  Plaintiffs contend that this court should be persuaded by *George* that a different primary right was involved in the SPB proceeding than in the present matter.  Although the court in *George* found that "[t]he primary right protected by the state civil service system is the right to continued employment," 179 Cal. App. 4th at 1483, the *George* plaintiff's claim before the SPB was that her discipline was unwarranted, with no discussion of retaliation.  Unlike in *George*, as noted above, plaintiffs' claims here were specifically for retaliation, alleging the same facts and the same harm that they have alleged before this court; moreover, the purpose of the state whistleblower statutes is to prevent retaliation.  *See* CAL. GOV'T CODE § 8547.1 ("The Legislature finds and declares that state employees should be free to report waste, fraud, abuse of authority, violation of law, or threat to public health without fear of retribution."); CAL. EDUC. CODE § 87161 ("It is the intent of the Legislature that community college employees and other persons disclose . . . improper governmental activities.").

As noted, the relevant factor here is "'the harm suffered.'"  *Yanke*, 2010 U.S. Dist. LEXIS 30627, at \*12 (quoting *Agarwal v. Johnson*, 25 Cal. 3d at 955).  Plaintiffs' claims before the SPB and before this court involve precisely the same harm and thus the same primary right: in Thein's case, the June 30, 2006 expiration without renewal of his employment contract; in Jauregito's case, the April 7, 2006 resignation; and in Wartluft's case, the November 7, 2005 termination.  Each plaintiff's harm is alleged to have been retaliatory.  It is irrelevant that plaintiffs "'plead[] different theories of recovery, seek[] different forms of relief . . . .'"  *Yanke*, 2010 U.S. Dist. LEXIS 30627, at \*14 (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).  Plaintiffs here could have brought their claims in the SPB proceeding, but chose not to:  "Under basic principles of res judicata, a prior adjudication bars claims that were brought or could have been brought in the prior action."  *Id*. at \*27.  As such, the doctrine of res judicata precludes plaintiffs' Title IX and FEHA claims alleged in the complaints before this court.  The court's determination that plaintiffs' FEHA claims are precluded by the doctrine of res judicata does not extend to Thein's and Jauregito's claims for failure to prevent

discrimination and harassment in violation of FEHA or to Wartluft's claims for sexual orientation and gender discrimination in violation of FEHA.

As plaintiffs' Title IX claims are precluded, the court will dismiss this case for the reasons discussed below and therefore finds it unnecessary to address the parties' arguments regarding collateral estoppel.

D.  Supplemental Jurisdiction

In light of the above, the claims remaining in the present action are state law claims: Thein's and Jaureguito's third claims for failure to prevent discrimination and harassment in violation of the FEHA; and Wartluft's second claim for sexual orientation discrimination in violation of FEHA, third claim for gender discrimination in violation of FEHA, and fifth claim for failure to pay compensation at the time of discharge or termination of employment in violation of California Labor Code sections 201 and 203. Thus, this court no longer retains federal question jurisdiction. 28 U.S.C. § 1331. 28 U.S.C. § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if– (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in the early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). The three cases before the court are not in their

early stages. However, balancing "the policy considerations that have spawned the doctrine of pendency and the countervailing policy of federalism," *Rosado v. Wyman*, 397 U.S. 397, 403 (1970), weighs against the exercise of supplemental jurisdiction here. The "extent of the investment of judicial energy," *id.*, does not weigh in favor of the exercise of supplemental jurisdiction; though the court has decided a motion to stay (T-39, J-37, W-22) and now the present motions for summary judgment, the remainder of the court's efforts in this case has been taken up with modifications of the status (pretrial scheduling) order. Moreover, any discovery conducted can be utilized in state court. Furthermore, "the character of the claim," *Rosado*, 397 U.S. at 403, weighs against exercising supplemental jurisdiction; as noted, the only claims surviving are state law claims.

Here, the court exercises its discretion to decline supplemental jurisdiction over the remaining state-law causes of action. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("'In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" (quoting *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991))); *see also Wren v. Sletten Construction Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.").

III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment or, alternatively, partial summary judgment, is GRANTED IN PART as follows:

1. Defendant's motion is granted as to plaintiffs' claims for unlawful retaliation in violation of Title IX and FEHA;

1      2.  The court declines to exercise supplemental jurisdiction as to the remaining
2 state law claims; they are hereby dismissed with leave to refile in state court; and
3      3.  This case is CLOSED.
4      IT IS SO ORDERED.
5 DATED: October 7, 2011.

                                        _____
                                        UNITED STATES DISTRICT JUDGE